IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-40201
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

WILLIAM DANIEL PICKETT, JR

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CR-89-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

William Daniel Pickett, Jr., has appealed his jury convictions of possession of cocaine and cocaine base with intent to distribute. Pickett contends that the district court erred in denying his motion to continue the trial. A district court's denial of a motion for a continuance "will be reversed only when the district court abused its discretion and the defendant suffered serious prejudice." United States v. Dupre, 117 F.3d 810, 823 (5th Cir. 1997).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pickett contends that the district court's ruling prejudiced the defense because his attorney did not have enough time to prepare to cross-examine Kyle Ogden and Sergeant Kevin Odom. Pickett complains that he did not have an opportunity to discover prior to the trial that Ogden's criminal history report reflected erroneously that Ogden had been arrested for misdemeanor possession of crack cocaine during the period when he was cooperating with the Government, when, in fact, the arrest was for a felony offense. Pickett complains also that he did not have time to prepare to cross examine two other cooperating witnesses, Russell Collins and Raymond Abram.

The fact that Ogden's prior arrest was for a felony offense rather than a misdemeanor was before the jury. Collins's and Abram's testimony went to a conspiracy count, of which Pickett was acquitted. Pickett has not shown that he was seriously prejudiced because his attorney did not have an opportunity to investigate further the facts related to the criminal histories of the cooperating witnesses. See id.; United States v. Castro, 15 F.3d 417, 422–23 (5th Cir. 1994).

Because the parties do not contend that Pickett should be resentenced because of recent amendments to the Sentencing Guidelines with regard to crack cocaine offenses, we do not reach that question. The judgment is

AFFIRMED.